**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

In the Matter of the Application of

OI EUROPEAN GROUP B.V.,

                Arbitration Award Creditor,

For Recognition and Enforcement of an
ICSID Arbitration Award

                - against -

BOLIVARIAN REPUBLIC OF VENEZUELA,

                Arbitration Award Debtor.

15 CV 2178



JUDGE KOELTL

RECEIVED MAR 23 2015 U.S.D.C. S.D.N.Y.

### *EX PARTE* PETITION TO RECOGNIZE
### ICSID ARBITRATION AWARD PURSUANT TO 22 U.S.C. § 1650a

For its Petition, Plaintiff OI European Group B.V. states as follows:

**NATURE OF ACTION**

1.      This is an action to recognize an arbitration award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"), and to enter judgment thereon. The final arbitration award ("Final Award") was rendered in favor of OI European Group B.V. ("OIEG" or "Plaintiff") and against Defendant the Bolivarian Republic of Venezuela ("Venezuela"), on March 10, 2015, imposing pecuniary obligations in the amount of US$ 463,177,246 as of March 23, 2015, following an arbitration conducted under the Rules of Arbitration of the International Centre for Settlement of Investment Disputes ("ICSID") in ICSID Case No. ARB/11/25 (the "ICSID Arbitration"). A certified copy of the original Final Award is attached as Exhibit 1 to the Declaration of Jeremy M. Creelan ("Creelan Declaration"), which is filed herewith.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 22 U.S.C. § 1650a(b). As provided in Section 1650a(a), the "obligations imposed by [the Final Award] . . . shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a) (Creelan Decl., Ex. 4).

3. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1330 because this action is a nonjury civil action against a foreign state as defined in 28 U.S.C. § 1603(a) on a claim for judgment with respect to which the foreign state is not entitled to immunity pursuant to 28 U.S.C. § 1610(a)(1) and (6).

4. Moreover, the Federal Arbitration Act ("FAA") (9 U.S.C. §§ 1-307) does not apply to "enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a) (Creelan Decl., Ex. 4). Therefore, OIEG is not required to meet the FAA's jurisdictional requirements.

5. Pursuant to 22 U.S.C. § 1650a and N.Y. C.P.L.R. Article 54, *ex parte* recognition is appropriate here. Section 1650a of Title 22 of the United States Code provides that an ICSID award should be recognized as if it were a final judgment of a state court. Recognition of a state court judgment is a clerical function that does not require notice until after a judgment has been entered. *See Siag v. The Arab Republic of Egypt*, No. M-82, 2009 WL 1834562 (S.D.N.Y. June 19, 2009); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-cv-8163 (S.D.N.Y. Oct. 10, 2014). Moreover, in the Second Circuit, district courts registering an out-of-state judgment apply Article 54 of the N.Y. C.P.L.R., which also does not require advance notice to the debtor. *See Keeton v. Hustler Magazine, Inc.*, 815 F.2d 857 (2d Cir. 1987). Rather, Plaintiff only is required to provide notice of the ***entry of a judgment***, which is to be provided

within thirty (30) days *after* judgment is entered pursuant to a petition for recognition of an arbitration award. N.Y. C.P.L.R. § 5403. OIEG intends to provide such timely notice.

## THE PARTIES

6. Plaintiff OI European Group B.V. ("OIEG") is a Dutch company.

7. Defendant is the Bolivarian Republic of Venezuela. Venezuela signed the ICSID Convention on August 18, 1993 and deposited its instrument of ratification on May 2, 1995. The Convention entered into force for Venezuela on June 1, 1995. On January 24, 2012, the depositary received a written notice of Venezuela's denunciation of the Convention. In accordance with Article 71 of the ICSID Convention, the denunciation took effect six months after the receipt of the notice, on July 25, 2012. But all rights and obligations of Venezuela that were at issue in the ICSID arbitration, and which are sought to be recognized hereby, arose before Venezuela's denunciation took effect, and are therefore subject to the jurisdiction of ICSID and this Court. *See* ICSID Convention, Art. 72 ("Notice [of denunciation] by a Contracting State . . . shall not affect the rights or obligations under this Convention . . . arising out of consent to the jurisdiction of the Centre given by one of them before such notice was received by the depositary."). Venezuela was represented by counsel and actively participated in the ICSID arbitration.

## THE AWARD

8. On September 7, 2011, OIEG filed a Request for Arbitration with ICSID against Venezuela, ICSID Case No. ARB/11/25. The subject matter of the arbitration dealt with the expropriation of investment projects in Venezuela.

9. The Request for Arbitration was officially registered on September 26, 2011. The arbitral tribunal was constituted on March 30, 2012, and held its first session on May 20, 2012.

3

10. OIEG and Venezuela filed their respective submissions on jurisdictional issues and the merits in 2012 and 2013. The ICSID tribunal convened a hearing in Paris at which testimony and arguments were heard on September 16-21, 2013. Both parties provided post-hearing submissions in November 2013. On March 4, 2015, the ICSID tribunal notified the parties that the proceeding was closed in accordance with Rule 38(1) of the ICSID Arbitration Rules, signifying that the ICSID tribunal sought no further submissions from the parties.

11. On March 10, 2015, the ICSID tribunal issued a Final Award in Plaintiff's favor in the amount of US$ 462,444,646, finding that Venezuela expropriated Plaintiff's property and was therefore required to pay just compensation to Plaintiff. The amount consists of US$ 372,461,982 as compensation for Venezuela's breaches of the bilateral investment treaty between Venezuela and the Netherlands in respect of OIEG's investments in Venezuela, US$ 5,750,000 for OIEG's costs and expenses in the ICSID Arbitration, and US$ 84,232,664 in interest on the amount of US$ 372,461,982 in accordance with the tribunal's order. Interest continues to accrue on all amounts until the Award is satisfied at the rates established in the Final Award. As of the date of this Petition, the total amount remaining to be paid is US$ 463,177,246. The calculation of interest as of the date of the Award and as of the date of this Petition is provided herewith in Exhibit 3 to the Creelan Declaration.

12. Consistent with Article 54(2) of the ICSID Convention, Plaintiff includes herewith a certified English language translation of an excerpt of the Award as Exhibit 2 to the Creelan Declaration. *See* ICSID Convention, Art. 54(2) ("A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General.").

13. The United States is a party to the ICSID Convention and is therefore obliged to recognize and enforce the pecuniary obligations imposed by the Award as if it were a final judgment of a court of the United States. This obligation is set out in 22 U.S.C. § 1650a(a)-(b), which provides in relevant part:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.
>
> (b) The district courts of the United States (including the courts enumerated in section 460 of Title 28) shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy.

22 U.S.C. § 1650a (Creelan Decl., Ex. 3).

## COUNT I
## FOR RECOGNITION OF ICSID ARBITRATION
## AWARD PURSUANT TO 22 U.S.C. § 1650a

14. Plaintiff restates and incorporates all of the foregoing paragraphs of the Petition as if set forth fully herein.

15. The Final Award was issued pursuant to the ICSID Convention because the Netherlands and Venezuela were both signatories to the ICSID Convention when the parties provided their consent to submit the dispute to ICSID Arbitration. Creelan Decl., Ex. 5 (list of contracting states). Also, Venezuela fully participated in all aspects of the ICSID Arbitration.

16. The United States is a signatory to the ICSID Convention. Awards issued pursuant to the ICSID Convention are subject to automatic recognition and enforcement in the United States under 22 U.S.C. § 1650a.

17.     An arbitration award under the ICSID Convention has been issued in OIEG's favor.

18.     Accordingly, OIEG is entitled to an order recognizing such arbitral award as a judgment pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, and entering judgment thereon in the amount of US$ 463,177,246 plus interest at the rates established by the Final Award until payment has been made in full.

**PRAYER FOR RELIEF**

WHEREFORE, OI European Group B.V. respectfully requests that this Court enter judgment in favor of OI European Group B.V. and against Defendant the Bolivarian Republic of Venezuela and request the following relief:

a.  Ordering that the pecuniary obligations in the Final Award in favor of OI European Group B.V. and against Venezuela be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Final Award were a final judgment of this Court, as authorized by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention; and

b.  Ordering that, in accordance with the pecuniary obligations contained in the Final Award, Venezuela shall pay to Plaintiff the sum of FOUR HUNDRED SIXTY-THREE MILLION ONE HUNDRED SEVENTY-SEVEN THOUSAND TWO HUNDRED FORTY-SIX DOLLARS (US$ 463,177,246), plus post-Final Award annual compound interest at the rates provided in the Final Award from the date of this application up to the date when payment has been made in full.

Dated: New York, New York  
March 23, 2015

Respectfully submitted,

/s/ Jeremy M. Creelan

Craig C. Martin  
(not admitted to practice in NY)  
Joel T. Pelz  
(not admitted to practice in NY)  
JENNER & BLOCK LLP  
353 North Clark Street  
Chicago, Illinois 60654  
Tel: (312) 222-9350  
Fax: (312) 527-0484

Jeremy M. Creelan  
JENNER & BLOCK LLP  
919 Third Avenue  
37th Floor  
New York, NY 10022-3908  
Tel: (212) 891-1600  
Fax: (212) 891-1699

*Counsel for Plaintiff*