UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**15 cv 2178**

In the Matter of the Application of

OI EUROPEAN GROUP B.V.,

JUDGE KOELTL

          Arbitration Award Creditor,

For Recognition and Enforcement of an
ICSID Arbitration Award

         - against -

BOLIVARIAN REPUBLIC OF VENEZUELA,

         Arbitration Award Debtor.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## *EX PARTE* PETITION TO RECOGNIZE ICSID ARBITRATION AWARD

Craig C. Martin
(not admitted to practice in NY)
Joel T. Pelz (not admitted to practice in NY)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Tel: (312) 222-9350
Fax: (312) 527-0484

Jeremy M. Creelan
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022-3908
Tel: (212) 891-1600
Fax: (212) 891-1699

*Counsel for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND .................................................................................................................. 3

ARGUMENT ........................................................................................................................ 3

I. OI EUROPEAN GROUP B.V. IS ENTITLED TO RECOGNITION OF THE FINAL AWARD AND ENTRY OF JUDGMENT IN ITS FAVOR PURSUANT TO 22 U.S.C. § 1650a........................................................................................................................... 3

   A. The Court Is Required to Give Full Faith and Credit to the ICSID Award. ........ 3

   B. Sovereign Immunity Does Not Apply. .................................................................. 6

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES** Page(s)

*Blue Ridge Investments, L.L.C. v. Republic of Argentina,*
  735 F.3d 72 (2d Cir. 2013) ................................................................................................ 6

*Duke Energy International Peru Investments. No. 1 Ltd. v. Republic of Peru,*
  No. Civ. A. 11-1602 (JEB), 904 F. Supp. 2d 131 (D.D.C. 2012) .................................... 4

*Enron Corp. & Ponderosa Assets L.P. v. Argentine Republic,*
  No. M-82 (S.D.N.Y. Nov. 21, 2007) ............................................................................ 4, 5

*Funnekotter v. Republic of Zimbabwe,*
  No. 09-cv-8168 (CM-RLE) (S.D.N.Y. Feb. 1, 2010) ..................................................... 4

*Grenada v. Grynberg,*
  No. 11-mc-00045 (S.D.N.Y. April 29, 2011) ............................................................. 4, 5

*Keeton v. Hustler Magazine, Inc.,*
  815 F.2d 857 (2d Cir. 1987) ............................................................................................ 5

*LETCO v. Republic of Liberia,*
  650 F. Supp. 73 (S.D.N.Y. 1986) .................................................................................... 5

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela,* No. 14-cv-8163
  (S.D.N.Y. Oct. 10, 2014) ................................................................................................. 4

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela,* No. 14-cv-8163
  (S.D.N.Y. Feb. 13, 2015) ................................................................................................ 5

*Sempra Energy International v. Argentine Republic,*
  No. M-82 (S.D.N.Y. Nov. 14, 2007) ............................................................................ 4, 5

*Siag v. The Arab Republic of Egypt,*
  No. M-82, 2009 WL 1834562 (S.D.N.Y. Jun. 19, 2009) ......................................... 4, 5, 6

**STATUTES**

22 U.S.C. § 1650a .................................................................................................................. 1, 6

22 U.S.C. § 1650a(a) .................................................................................................................. 4

28 U.S.C. § 1610(6) .................................................................................................................... 6

28 U.S.C. § 1610(a)(1) ............................................................................................................... 6

N.Y. C.P.L.R. § 5401 ................................................................................................................. 5

N.Y. C.P.L.R. § 5402(a) ............................................................................................... 5

N.Y. C.P.L.R. § 5403 .................................................................................................... 6

**OTHER AUTHORITIES**

Convention on the Settlement of Investment Disputes between States and Nationals of
Other States, opened for signature, Settlement of Investment Disputes, Mar. 18, 1965,
17 U.S.T. 1270, T.I.A.S. No. 6090, 575 U.N.T.S. 159 ............................................. 1

    Article 54 ............................................................................................................ 3, 6

    Article 72 ................................................................................................................ 2

David D. Siegel, N.Y. Practice § 435 (4th ed.) ............................................................ 5

Plaintiff OI European Group B.V ("OIEG" or "Plaintiff") files this memorandum in support of its *Ex Parte* Petition to Recognize an ICSID Arbitration Award Pursuant to 22 U.S.C. § 1650a (the "Petition"), filed contemporaneously herewith.[1]

## INTRODUCTION

OI European Group B.V. seeks recognition of a final arbitral award issued in its favor on March 10, 2015, against Defendant Bolivarian Republic of Venezuela ("Venezuela") in the amount of US$ 463,177,246, plus interest at the rates established in the award, as compensation for expropriation of private property, following an arbitration conducted under the Rules of Arbitration of the International Centre for Settlement of Investment Disputes ("ICSID") in ICSID Case No. ARB/11/25 (the "ICSID Arbitration").

ICSID is an autonomous international institution established under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"[2]) with over one hundred and forty member States. Creelan Decl., Ex. 5. The primary purpose of ICSID is to provide facilities for conciliation and arbitration of international investment disputes. *Id.* The ICSID Convention sought to remove major impediments to the free international flows of private investment posed by non-commercial risks and the absence of specialized international methods for investment dispute settlement. *Id.*

The United States is a signatory to the ICSID Convention. *See* Creelan Decl., Ex. 6 (list of contracting states). Venezuela was a signatory to the ICSID Convention from August 18,

---

[1] OI European Group B.V. has also filed herewith the Declaration of Jeremy M. Creelan ("Creelan Decl."), which attaches the Declaration of MaryBeth Wilkinson ("Wilkinson Decl."), the accompanying exhibits offered in support of the Petition, and a proposed order.

[2] Convention on the Settlement of Investment Disputes between States and Nationals of Other States, opened for signature, Settlement of Investment Disputes, Mar. 18, 1965, 17 U.S.T. 1270, T.I.A.S. No. 6090, 575 U.N.T.S. 159.

1993 through July 25, 2012. On January 24, 2012, Venezuela provided notice of its denunciation of the Convention, which took effect six months after the receipt of the notice, on July 25, 2012. *Id.* All rights and obligations of Venezuela that were at issue in the ICSID arbitration, and which are sought to be recognized hereby, arose before Venezuela's denunciation took effect, and are subject to the jurisdiction of the ICSID and this Court. *See* ICSID Convention, Art. 72 ("Notice [of denunciation] by a Contracting State . . . shall not affect the rights or obligations under this Convention . . . arising out of consent to the jurisdiction of the Centre given by one of them before such notice was received by the depositary.").

On September 7, 2011, Plaintiff filed a Request for Arbitration with ICSID against Venezuela, ICSID Case No. ARB/11/25, asserting a number of claims arising from and relating to expropriation of OIEG's investments. OIEG sought compensatory damages, among other relief. Venezuela was represented by counsel and actively participated in all proceedings during the ICSID arbitration. On March 10, 2015, a three member arbitral tribunal unanimously issued a final award (the "Final Award"), finding Venezuela liable and ordering that Venezuela pay Plaintiff the following amounts: (1) US$ 372,461,982 in compensation for the expropriation of its investments; (2) US$ 5,750,000 in respect of OIEG's costs and expenses in the arbitration; and (3) annually compounded interest since October 26, 2010 on the first amount and March 10, 2015 on the second amount, calculated at the LIBOR interest rates for one-year deposits in US dollars plus 4% and continuing to accrue until the date of actual payment. Creelan Decl., Exs. 1, 2.

Plaintiff has satisfied the criteria for recognition of an ICSID award and, accordingly, the Court should recognize the Final Award as a valid judgment of this Court.

## BACKGROUND

Plaintiff is a Dutch company that invested in glass production facilities in Venezuela over several decades. After deriving substantial benefits from those investments, Venezuela expropriated Plaintiff's investments.

On September 7, 2011, Plaintiff filed its Request for Arbitration, invoking Article 9 of the Netherlands-Venezuela bilateral investment treaty ("BIT"), which provides for settlement of investment disputes through ICSID arbitration. A lengthy and hard-fought ICSID arbitration followed, resulting in the tribunal's determination that Venezuela had violated the BIT that protected Plaintiff's investments in Venezuela. The ICSID tribunal found that Venezuela expropriated Plaintiff's property and, therefore, was required to pay just compensation to Plaintiff. The tribunal awarded Plaintiff US$ 462,444,646 as the total amount for (1) compensation, (2) costs and expenses, and (3) interest on those two components at certain rates, contining to accrue until the date of actual payment. As of the date of this filing, after calculating interest, the amount remaining to be paid is US$ 463,177,246.

## ARGUMENT

**I.    OI EUROPEAN GROUP B.V. IS ENTITLED TO RECOGNITION OF THE FINAL AWARD AND ENTRY OF JUDGMENT IN ITS FAVOR PURSUANT TO 22 U.S.C. § 1650a.**

### A.    The Court Is Required to Give Full Faith and Credit to the ICSID Award.

Article 54(1) of the ICSID Convention provides that:

> Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

3

The United States is a party to the ICSID Convention. Congress has determined that a federal court should enforce an ICSID award by treating it as it would a final judgment from a state court as set forth in the statute implementing the ICSID Convention: "The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a) (Creelan Decl., Ex. 4). Moreover, Congress expressly provided that "[t]he Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention." *Id.*

Accordingly, the Final Award should be recognized and entered as a judgment of this court. *See Siag v. The Arab Republic of Egypt*, No. M-82, 2009 WL 1834562, at *2 (S.D.N.Y. Jun. 19, 2009); *Grenada v. Grynberg*, No. 11-mc-00045 (S.D.N.Y. April 29, 2011); *Funnekotter v. Republic of Zimbabwe*, No. 09-cv-8168 (CM-RLE) (S.D.N.Y. Feb. 1, 2010); *Sempra Energy Int'l v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 14, 2007); *Enron Corp. & Ponderosa Assets L.P. v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 21, 2007)); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-cv-8163 (S.D.N.Y. Oct. 10, 2014); and *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, No. Civ. A. 11-1602 (JEB), 904 F. Supp. 2d 131, 132-33 (D.D.C. 2012) (noting that "this Court is *required* by statute to give the Award full faith and credit and confirm it accordingly").[3] (emphasis in original).

The procedures for enforcing an ICSID award in New York federal courts were articulated in the 2009 decision in *Siag*, No. M-82, 2009 WL 1834562, at *2 (S.D.N.Y. Jun. 19, 2009). Creelan Decl., Ex. 7. *Siag* explained that, because federal district courts in New York apply Article 54 of the N.Y. C.P.L.R. for the procedures to register an out-of-state court

---

[3] The orders issued in *Siag, Grynberg, Funnekotter, Sempra Energy, Enron Corp.,* and *Mobil* are attached collectively as Exhibit 7 to the Creelan Declaration.

4

judgment, a federal district court enforcing an ICSID award should apply the same state law procedures. *Id.*; *see also Keeton v. Hustler Magazine, Inc.*, 815 F.2d 857, 857 (2d Cir. 1987) (Article 54 of the N.Y. C.P.L.R. establishes "procedures designed to facilitate the registration of foreign, or out-of-state judgments, for New York [that] will, with specified exceptions, simply recognize a foreign judgment as its own, rather than require a separate action on the judgment.").

Pursuant to Article 54, judgment creditors are required to submit a true and accurate copy of the arbitration award, together with an affidavit stating that: (i) the proposed judgment was not obtained by default and has not been satisfied; (ii) the total amount remaining to be paid; (iii) that the enforcement of the award has not been stayed; and (iv) the name and last known address of the judgment debtor. *Siag*, 2009 WL 1834562, at *3; N.Y. C.P.L.R. § 5402(a). Plaintiff has satisfied all of these requirements,[4] and have thus complied with the procedures for registering an out-of-state court judgment in the courts of New York.

Moreover, recognition of ICSID awards can occur *ex parte* without notice to the debtor before the judgment is entered. Creelan Decl., Ex. 7 (*Siag*, No. M-82, 2009 WL 1834562); *see also id.* (*Sempra Energy Int'l*, No. M.-82 (S.D.N.Y. Nov. 14, 2007); *Enron Corp & Ponderosa Assets L.P.*, No. M- 82 (S.D.N.Y. Nov. 20, 2007); *Grynberg*, No. 11-mc-00045 (S.D.N.Y. April 29, 2011); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-cv-8163 (S.D.N.Y. Feb. 13, 2015). "Article 54 of the CPLR sets up a procedure for the simple New York registration of an out-of-state judgment, obviating an action on the judgment . . . ." David D. Siegel, N.Y. Practice § 435 (4th ed.). By its terms, N.Y. C.P.L.R. § 5401 applies to "any judgment . . . of a court of the United States or of any other court which is entitled to full faith and credit in this state . . . ." Article 54 does not require advance notice to the debtor. Instead,

---

[4] *See* Wilkinson Decl., attached to the Creelan Decl. as Exhibit 7. The address for Venezuela is provided in the Civil Cover Sheet accompanying this filing.

after the entry of a judgment, notice to the debtor is to be provided within thirty days. N.Y. C.P.L.R. § 5403, *see Siag*, No. M-82, 2009 WL 1834562. OIEG intends to provide such notice.

## B. Sovereign Immunity Does Not Apply.

Recognition of the Final Award against Venezuela does not implicate Venezuela's sovereign immunity. The Foreign Sovereign Immunities Act provides several exceptions to immunity, at least two of which clearly apply here: (1) Venezuela has waived its immunity by becoming a party to the ICSID Convention (notwithstanding its withdrawal after the arbitration at issue commenced); and (2) sovereign immunity does not apply to a judgment based on an order confirming an arbitral award. *See* 28 U.S.C. § 1610(a)(1) and (6); *see also Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84-85 (2d Cir. 2013) (applying waiver exception and arbitral award exception and stating "every court to consider whether awards issued pursuant to the ICSID Convention fall within the arbitral award exception to the FSIA has concluded that they do").

Plaintiff respectfully requests that, consistent with the Final Award, the Court enter the Proposed Order, attached to the Creelan Declaration as Exhibit 9.

## CONCLUSION

For the foregoing reasons, OI European Group B.V. respectfully requests that this Court recognize the Final Award as a judgment of this Court pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention and direct the clerk of the court to enter judgment in favor of OI European Group B.V. against the Bolivarian Republic of Venezuela in the amount of US$ 463,177,246 plus annual compound interest accruing at the rates established in Final Award.

Dated: New York, New York  
      March 23, 2015

Respectfully submitted,

/s/ Jeremy M. Creelan

Craig C. Martin  
(not admitted to practice in NY)  
Joel T. Pelz  
(not admitted to practice in NY)  
JENNER & BLOCK LLP  
353 North Clark Street  
Chicago, Illinois 60654  
Tel: (312) 222-9350  
Fax: (312) 527-0484  

Jeremy M. Creelan  
JENNER & BLOCK LLP  
919 Third Avenue  
37th Floor  
New York, NY 10022-3908  
Tel: (212) 891-1600  
Fax: (212) 891-1699  

*Counsel for Plaintiff*