UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

OI EUROPEAN GROUP B.V.,

    Arbitration Award Creditor,

For Recognition and Enforcement of an
ICSID Arbitration Award

- against -

BOLIVARIAN REPUBLIC OF VENEZUELA,

    Arbitration Award Debtor.

15 CV 2178

JUDGE KOELTL

## DECLARATION OF JEREMY M. CREELAN IN SUPPORT OF PLAINTIFF'S *EX PARTE* PETITION TO RECOGNIZE ICSID ARBITRATION AWARD

I, Jeremy M. Creelan, hereby declare as follows:

1. I am a member of the law firm of Jenner & Block LLP, counsel to Plaintiff OI European Group B.V. ("OIEG" or "Plaintiff") in the above-captioned action. I am admitted to practice in the State courts of the State of New York, and the U.S. District Courts for the Eastern and Southern Districts of New York.

2. I make this declaration for the purpose of securing the entry of judgment in this District, recognizing and enforcing an arbitral award rendered in favor of Plaintiff against the Bolivarian Republic of Venezuela ("Venezuela") following an arbitration conducted in Paris, France under the rules of the International Centre of the Settlement of Investment Disputes ("ICSID") in ICSID Case No. ARB/11/25 (the "ICSID Arbitration").

3. On March 10, 2015, the ICSID tribunal issued a final award in Plaintiff's favor in the amount of four hundred sixty-two million four hundred forty-four thousand six hundred forty-six dollars (US$ 462,444,646) plus costs and expenses and interest ("Final Award"). The

tribunal found that Venezuela expropriated Plaintiff's property and, therefore, was required to pay just compensation to Plaintiff. The amount of the Final Award as of March 10, 2015 was US$ 462,444,646, which consists of the following components: (1) US$ 372,461,982 for the expropriation of OIEG's investment; (2) US$ 5,750,000 for OIEG's costs and expenses in the ICSID Arbitration; (3) annually compounded interest on the first component accruing since October 26, 2010 at the LIBOR interest rate for one-year deposits in US dollars plus 4% (as of the date of the Final Award, US$ 84,232,664); and (4) annually compounded interest on the second component accruing starting on the date of the Final Award at the LIBOR interest rate for one-year deposits in US dollars plus 4%. As of March 23, 2015, the amount remaining to be paid to OIEG under the Final Award is US$ 463,177,246. Interest continues to accrue at the interest rates established by the Final Award until payment in full. Submitted herewith as Exhibit 1 is a copy of the Final Award certified by the Secretary-General of ICSID. A certified English-language translation of the operative portion of the Final Award is submitted herewith as Exhibit 2. The calculation of interest under the Final Award as of March 23, 2015 is provided in Exhibit 3.

4. The recognition and enforcement of ICSID awards by United States District Courts is governed by Public Law 89-532, enacted on August 11, 1966, and codified at 22 U.S.C. § 1650a. Section 1650a provides that:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.
>
> (b) The district courts of the United States (including the courts enumerated in section 460 of Title 28) shall have exclusive

jurisdiction over actions and proceedings under subsection (a) this section, regardless of the amount in controversy.

Submitted herewith as Exhibit 4 is a copy of 22 U.S.C. § 1650a.

5. Article 54 of the ICSID Convention likewise provides as follows:

> 1. Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.
>
> 2. A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. Each Contracting State shall notify the Secretary-General of the designation of the competent court or other authority for this purpose and of any subsequent change in such designation.
>
> 3. Execution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought.

6. Pursuant to Article 54 of the ICSID Convention, as enacted by Congress in 22 U.S.C. § 1650a, Plaintiff is entitled to recognition and enforcement of the Final Award by its entry as a judgment of this District Court.

7. *Ex parte* recognition is appropriate here. Recognition of a state court judgment is a clerical function that does not require notice until after a judgment has been entered. *See Siag v. The Arab Republic of Egypt*, No. M-82, 2009 WL 1834562 (S.D.N.Y. June 19, 2009). Moreover, in the Second Circuit, district courts registering an out-of-state judgment apply Article 54 of the N.Y. C.P.L.R., which also does not require advance notice to the debtor. *See Keeton v. Hustler Magazine, Inc.*, 815 F.2d 857 (2d Cir. 1987). Rather, petitioners only are required to provide notice of the ***entry of a judgment***, which is to be provided within thirty (30) days ***after***

judgment is entered pursuant to a petition for recognition of an arbitration award. C.P.L.R. § 5403. OIEG intends to provide such timely notice.

8. The Final Award was not obtained by default. Declaration of MaryBeth Wilkinson ¶ 3, submitted herewith as Exhibit 8. The Final Award has not been satisfied and US$ 463,177,246 plus interest remains to be paid. *Id.* ¶ 4. Enforcement of the Final Award has not been stayed. *Id.* ¶ 5.

9. Attached hereto are true and correct copies of the following exhibits, which are submitted contemporaneously with Plaintiff's *Ex Parte* Petition to Recognize Arbitration Award Pursuant to 22 U.S.C. § 1650a, and the Memorandum in support thereof:

Exhibit 1: Final Award from ICSID, issued on March 10, 2015;

Exhibit 2: Certified English-language translation of the section titled "The Tribunal's Decision" of the Final Award from ICSID, issued on March 10, 2015;

Exhibit 3: Calculation of Interest as of March 23, 2015;

Exhibit 4: 22 U.S.C. § 1650a;

Exhibit 5: About ICSID, available at https://icsid.worldbank.org/ICSID/ICSID/AboutICSID (last visited March 18, 2015);

Exhibit 6: ICSID, List of Contracting States and Other Signatories of the Convention (as of April 11, 2014);

Exhibit 7: Orders and Judgments in *Siag v. The Arab Republic of Egypt*, No. M-82, 2009 WL 1834562, at *2 (S.D.N.Y. June 19, 2009); *Grenada v. Grynberg*, No. 11-mc- 00045 (S.D.N.Y April 29, 2011); *Funnekotter v. Republic of Zimbabwe*, No. 09-cv-8168 (CM-RLE) (S.D.N.Y. Feb. 1, 2010); *Sempra Energy Int'l v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 14, 2007); *Enron Corp. & Ponderosa Assets L.P. v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 21, 2007); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-cv-8163 (S.D.N.Y. Oct. 10, 2014); and *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-cv-8163 (S.D.N.Y. Feb. 13, 2015);

Exhibit 8: Declaration of MaryBeth Wilkinson; and

Exhibit 9: Proposed Order.

10. No prior application for this or similar relief has been made to this District Court.

WHEREFORE, Plaintiff requests that the obligations of the Final Award be recognized and enforced by entry of a judgment of this Court in their favor and against Venezuela "as if the award were a final judgment of a court of general jurisdiction of one of the several States."

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on March 23, 2015.

_____
Jeremy M. Creelan

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

OI EUROPEAN GROUP B.V.,

                Arbitration Award Creditor,

For Recognition and Enforcement of an ICSID
Arbitration Award

                - against -

BOLIVARIAN REPUBLIC OF VENEZUELA,

                Arbitration Award Debtor.



15 CV 2178

JUDGE KOELTL

MAR 23 2015

U.S.D.C.

## INDEX OF EXHIBITS TO DECLARATION OF JEREMY M. CREELAN IN SUPPORT OF PLAINTIFF'S *EX PARTE* PETITION TO RECOGNIZE ICSID ARBITRATION AWARD

Exhibit 1    Final Award from ICSID, issued on March 10, 2015.

Exhibit 2    Certified English-language translation of the section titled "The Tribunal's Decision" of the Final Award from ICSID, issued on March 10, 2015.

Exhibit 3    Interest Calculation as of March 23, 2015.

Exhibit 4    22 U.S.C. § 1650a.

Exhibit 5    About ICSID, available at
https://icsid.worldbank.org/ICSID/ICSID/AboutICSID
(last visited March 18, 2015).

Exhibit 6    ICSID, List of Contracting States and Other Signatories of the Convention (as of April 11, 2014).

Exhibit 7    *Siag v. The Arab Republic of Egypt*, No. M-82, 2009 WL 1834562 (S.D.N.Y. June 19, 2009);

                Order And Judgment in *Grenada v. Grynberg*, No. 11-mc-00045 (S.D.N.Y April 29, 2011);

                Judgment in *Funnekotter v. Republic of Zimbabwe*, No. 09-cv-8168 (CM-RLE) (S.D.N.Y. Feb. 1, 2010);

Order And Judgment in *Sempra Energy Int'l v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 14, 2007);

Order And Judgment in *Enron Corp. & Ponderosa Assets L.P. v. Argentine Republic*, No. M-82 (S.D.N.Y. Nov. 21, 2007);

Order And Judgment in *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-cv-8163 (S.D.N.Y. Oct. 10, 2014); and

Opinion & Order in *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-cv-8163 (S.D.N.Y. Feb. 13, 2015).

| | |
|---|---|
| Exhibit 8 | Declaration of MaryBeth Wilkinson. |
| Exhibit 9 | Proposed Order. |